UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

JUNIUS P. LEISURE, 2nd, :
    Plaintiff, :
     :
v. : No. 19-cv-2532
     :
PA GOVERNOR TOM WOLF, *et al.*, :
    Defendants. :

**O P I N I O N**

**Joseph F. Leeson, Jr.**                                                                        **June 19, 2019**
**United States District Judge**

      Junius P. Leisure, 2nd, a prisoner currently housed at SCI Fayette, filed this *pro se* civil rights action under 42 U.S.C. § 1983 naming as Defendants Pennsylvania Governor Tom Wolf, Pennsylvania Attorney General Josh Shapiro, Secretary of Corrections John E. Wetzel, Superintendent Mark Capozza, the Pennsylvania Department of Corrections, and Department of Corrections Chief Counsel Theron R. Perez. All Defendants are sued in their official capacities. Leisure also seeks leave to proceed *in forma pauperis*. For the following reasons, Leisure will be granted leave to proceed *in forma pauperis* and the Complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    FACTS**

      Leisure's allegations all revolve around his still pending federal *habeas corpus* petition. *See Leisure v. Capozza*, Civ. A. No. 18-1261 (E.D. Pa.). He alleges that he did not receive legal mail sent to him by this Court in conjunction with that case in violation of his First and Fourteenth Amendment right of access to the courts. Specifically, he asserts he was "notified on the 4th day of March [2019] by the Court Order that the Petitioner's Motion to Obtain the Court

Transcripts in order to File a Memorandum of Law was denied by the Honorable Judge Gene Pratter, on the 20th day of August, 2018." (ECF No. 2 at 10.)[1]  He alleges that this Order would have been sent out during a state-wide lockdown of prisons in Pennsylvania that started on August 20, 2018, and continued to September 9, 2018, during which no inmate mail was allowed in or out of any State Correctional Institution.  (*Id.*)

Leisure contends that he sent a letter to the Court on September 1, 2018, requesting an extension of time to file a Memorandum of Law in support of his *habeas* petition due to the lockdown.  (*Id.*)  He concedes that this request was granted (*id.* and Ex. H) as well as a Motion for Extension of Time that he filed in October 2018 (*id.* and Ex. C).  He asserts that during the federal government shut down in January 2019, he had pending another Motion for Extension of Time, but the "Courts were open 'except' for Civil cases."  (*Id.* at 11.)  Finally, he asserts that in March 2019, he never received a copy of an Order denying his Motion to Obtain Court Transcripts.  (*Id.* and Ex. B, H.)  He did, however, receive a copy of an Order entered on February 5, 2019, directing the Clerk of Court to amend the docket to reflect that Leisure's current address was SCI Fayette, and to resend copies of two prior Orders.  (*Id.* and Ex. H.)  He claims that he did not receive the Orders and they had to be resent by the Court because his legal mail was not accepted by the prison.  (*Id.* at 12.)

## II.     STANDARD OF REVIEW

The Court grants Leisure leave to proceed *in forma pauperis* because it appears he is unable to prepay the filing fee.[2]  Because Leisure is granted leave to proceed *in forma pauperis*,

---

[1]     The Court adopts the pagination supplied by the CM/ECF docketing system.
[2]     However, as Leisure is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Leisure alleges that his First and Fourteenth Amendment right to access the courts was interfered with by state actors because he did not receive his legal mail. To establish a cognizable access to the courts claim under the Fourteenth Amendment, a prisoner must show that the alleged denial of access caused actual injury. *Watson v. Sec'y Pa. Dept. of Corr.*, 567 F. App'x. 75, 78 (3d Cir. 2014) (citing *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996)). Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). The plaintiff must "describe the underlying arguable claim well enough to show that it is 'more than mere hope.'" *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008). The claim must relate to either a direct or collateral challenge to the prisoner's sentence or conditions of confinement,

*Lewis*, 518 U.S. at 355, and the prisoner must establish that no other remedy could compensate for the lost claim. *Monroe*, 536 U.S. at 415.

Leisure cannot satisfy this standard. A review of the docket in his *habeas corpus* case reveals that the petition remains pending. The lack of any final order on his *habeas* petition establishes as a matter of law that Leisure has not suffered any actual injury because no claim — arguable or inarguable — has been lost. Moreover, the two Orders that had been mailed to Leisure but returned as undeliverable (Civ. A. No. 18-1261, ECF Nos. 14, 15), and that were ordered to be resent to Leisure on April 3, 2019 (*id.*, ECF No. 16), merely denied his Motion for Appointment of Counsel *without* prejudice (*id.*, ECF No. 11) and *granted* one of his many motions seeking an extension of time (*id.*, ECF No. 13; *see also* ECF Nos. 19, 20, 22, 26, 28). Neither Order was an immediately appealable interlocutory or collateral order. *See Smith-Bey v. Petsock*, 741 F.2d 22, 23 (3d Cir. 1984) (holding that the denial of counsel is not a final decision of a district court and, therefore, not appealable under 28 U.S.C. § 1291); *Purcell v. Pa. Dep't of Corr.*, Civ. A. No. 00-181, 2006 WL 1851402, at *3 (W.D. Pa. July 5, 2006) (reviewing case authority and holding that order denying counsel does not qualify as an interlocutory order appealable under 28 U.S.C. § 1292(a) or as a collateral order because need for counsel had not be finally determined). The Court cannot discern, therefore, any arguable claim that was lost because of the delay in receiving the Orders.

Further, the docket reflects, and Leisure concedes, that he has been able to fully litigate his pending *habeas* petition to this point notwithstanding the delay in his receiving the two Orders when they were first mailed to him. For example, the delay did not prevent him from filing a request for an injunction in his *habeas* proceeding attacking the very same mail policy he raises in this civil action (*see* Civ. A. No. 18-1261, ECF No. 21). Finally, as the Court

4

generously granted his requests for extensions of time in the *habeas* case, he cannot claim that the failure to timely receive the returned mailings caused him to fail to meet a court deadline. For these reasons, Leisure cannot show that a "nonfrivolous" and "arguable" claim was lost from any mail tampering allegedly at the hands of prison officials and has not established that his constitutional rights were violated.

IV. **CONCLUSION**

For the reasons stated, Leisure's claims are dismissed as implausible pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because the Court's docket shows that any attempt at amendment to state a plausible claim based on the returned mail would be futile, the dismissal is with prejudice. An appropriate Order will be entered.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.
United States District Judge**